Robert M. Sulkin, WSBA No. 15425
Daniel M. Weiskopf, WSBA No. 44941
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, WA 98101
Phone: (206) 467-1816
rsulkin@mcnaul.com
dweiskopf@mcnaul.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON
## AT SPOKANE

| | |
|---|---|
| STEWART KERR, M.D., a married individual,<br><br>                              Plaintiff,<br><br>        v.<br><br>WENATCHEE VALLEY MEDICAL GROUP, a Washington professional service corporation, CONFLUENCE HEALTH, a Washington processional service corporation, STUART FREED, an individual, and PETER RUTHERFORD, an individual<br><br>                              Defendants. | COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff Stewart Kerr, M.D., and alleges as follows:

## I. INTRODUCTION

1.1    Plaintiff Stewart Kerr, M.D. is a board certified, fellowship-trained orthopeadic spinal surgeon with an impeccable clinical and surgical reputation.

1.2    After serving first in the United States Navy as a SEAL, Dr. Kerr served as a physician in the United States Navy Medical Corps for

COMPLAINT – Page 1

LAW OFFICES OF
McNaul Ebel Nawrot & Helgren pllc
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

fourteen years. Dr. Kerr then joined Washington Valley Medical Group ("WVMG") and Confluence Health ("Confluence") as a partner.

1.3    Defendants wrongfully retaliated against Dr. Kerr after he raised concerns regarding Defendants' practices. Namely, Dr. Kerr was retaliated against after he complained about, and refused to participate in, Defendants' scheme to perform unnecessary procedures, which Defendants did for their own gain at the expense of patients, their insurers, and the state and federal government. As part of the retaliation, Dr. Kerr was ostracized by his colleagues and stripped of all ability to perform a practice. He had his wages withheld and was eventually forced to leave.

## II. PARTIES

2.1    Dr. Kerr, at all times relevant to this proceeding, was employed by Defendants, in Wenatchee, Washington, in Chelan County.  Dr. Kerr currently resides in Anchorage, Alaska.

2.2    Defendant WVMG is, and at all times relevant to this proceeding was, a professional services corporation organized and existing in accordance with the laws of the State of Washington. WVMG's principal place of business is in Wenatchee, Washington, in Chelan County.

2.3    Defendant Confluence is, and at all times relevant to this proceeding was, a nonprofit corporation organized and existing in accordance with the laws of Washington.  Confluence's principal place of business is in Wenatchee, Washington, in Chelan County.  (Confluence and WVMG will be referred to collectively as "Corporate Defendants").

2.4    Stuart Freed is the Chief Medical Officer of Confluence Health, and is, on information, a resident of Wenatchee, Washington, in Chelan County.

COMPLAINT – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

2.5     Peter Rutherford is the Chief Executive Officer of Confluence Health, and is, on information, a resident of Wenatchee, Washington, in Chelan County. (Freed and Rutherford will be referred to collectively as the "Individual Defendants.")

## III. JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Dr. Kerr brings a claim under the False Claims Act, over which this court has original jurisdiction.  *See* 31 U.S.C. §3732.  Supplemental jurisdiction over Dr. Kerr's pendent claims brought under the laws of the State of Washington is appropriate because those claims integrally relate to his claims for retaliation under the False Claims Act. *See* 28 U.S.C. § 1367(a).

3.2     Jurisdiction further exists pursuant to 28 U.S.C. § 1331(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

3.1     The United States District Court in and for the Eastern District of Washington is the proper venue for this action because Defendants reside in this judicial district. *See* 28 U.S.C. §1391(b).

## IV. FACTS

4.1     Dr. Kerr is an orthopaedic spinal surgeon and retired commander in the United States Navy. Dr. Kerr's distinguished career with the Navy included, among other things, two years as the Director of Orthopaedic Spinal Surgery Service at the Naval Medical Center San Diego, three years as the Director of Multi-Disciplinary Spine Service at the Naval Medical Center Portsmouth, and eight years as a Navy SEAL. Dr. Kerr's

COMPLAINT – Page 3

LAW OFFICES OF
MᴄNᴀᴜʟ Eʙᴇʟ Nᴀᴡʀᴏᴛ & Hᴇʟɢʀᴇɴ ᴘʟʟᴄ
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

duties included several overseas deployments to combat hospitals where he regularly performed emergency surgery on United States military servicemen and servicewomen.

4.2     Dr. Kerr graduated with a doctorate of medicine from the Uniformed Services University in 1998. He completed an orthopaedic surgery residency with the Naval Medical Center San Diego in 2006, a combined orthopaedic and neurosurgical spinal surgery fellowship with the Rothman Institute and Thomas Jefferson University in 2007, and an orthopaedic traumatology fellowship with the University of California San Francisco ("UCSF") in 2017.

4.3     Dr. Kerr joined the Corporate Defendants on a part-time basis in 2011 while finishing his service obligation with the United States Navy. He began fulltime employment as an orthopaedic spinal surgeon with the Corporate Defendants in August 2012 and was brought in as a full partner in November 2013.

4.4     During his employment with the Corporate Defendants, Dr. Kerr disagreed with some of the practices and raised complaints on multiple occasions.  Among other things, Dr. Kerr complained that the Corporate Defendants' practice of recommending surgeries to patients in lieu of lesser invasive and expensive alternatives was unethical and improper because it created additional risks and harm to patients and it billed patients and insurers (including the government) for surgeries that were not needed.

4.5     In May 2016, Dr. Kerr sought and was granted a six-month leave of absence to complete an orthopaedic traumatology fellowship at UCSF.

COMPLAINT – Page 4

4.6    While on his leave of absence, Defendants revised the duties Dr. Kerr would have upon his return to the Corporate Defendants, and established a guaranteed base salary of $250,000 supplemented by production-based compensation.

4.7    When Dr. Kerr returned in 2017, Dr. Kerr again complained about the improper and unnecessary surgeries and the harm this caused to patients and the entities paying for those surgeries.

4.8    In April 2017, Dr. Kerr was told in no uncertain terms: He needed to "get with the program" of performing and billing for unnecessary surgeries—and stop complaining—or he would not have a future with the Corporate Defendants.

4.9    Defendants knowingly set up a system that rewarded doctors for performing surgeries, even where the surgeries were unnecessary or not recommended.  This compensation structure was very remunerative to Defendants.

4.10   Dr. Kerr stated that he would not perform unnecessary surgeries and bill for them because he believed that was harmful to patients and fraudulent.

4.11   As a result of Dr. Kerr's complaints about these practices and refusal to participate, Defendants (among other things):

- Refused to provide Dr. Kerr with adequate staffing;

- Provided Dr. Kerr less access to facilities, including operating room time;

- Forced Dr. Kerr to take disproportionate "call time" on weekends;

COMPLAINT – Page 5

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

- Created various roadblocks for his receiving new patients and provided him with a disproportionate share of the most difficult and least remunerative patients;

- Called Dr. Kerr's skills into question and required additional scrutiny of his work despite his excellent record of quality;

- Unilaterally reduced Dr. Kerr's pay, including withholding pay for procedures he performed and withholding pay and benefits to which Dr. Kerr and Defendants had agreed;

- Antagonized Dr. Kerr personally.

4.12   Eventually, because of Dr. Kerr's work conditions and reduced compensation, Dr. Kerr was forced to leave.

4.13   Defendants' retaliation against Dr. Kerr caused him professional harm, personal emotional distress, and financial loss, in amounts to be proven at trial.

## V. FIRST CAUSE OF ACTION—
## FALSE CLAIMS ACT RETALIATION
### (Against Corporate Defendants)

5.1   Dr. Kerr realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

5.2   Defendants' intentional mistreatment, abuse, and humiliation of Dr. Kerr was a direct and proximate result of his having engaged in protected activity within the meaning of the False Claims Act. As a result, Dr. Kerr was damaged and constructively discharged in violation of 31 U.S.C. § 3730(h).

5.3   Dr. Kerr has suffered great economic harm, including loss of income and future earnings, and has suffered other injury as a result of Defendants' retaliatory conduct in an amount which will be proven at trial.

COMPLAINT – Page 6

## VI. SECOND CAUSE OF ACTION—
## MEDICAID FRAUD FALSE CLAIMS ACT RETALIATION
### (Against Corporate Defendants)

6.1     Dr. Kerr realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

6.2     Defendants' intentional mistreatment, abuse, and humiliation of Dr. Kerr was a direct and proximate result of his having engaged in protected activity within the meaning of the Medicaid Fraud False Claims Act. As a result, Dr. Kerr was damaged and constructively discharged in violation of RCW 74.66.090(1).

6.3     Dr. Kerr has suffered great economic harm, including loss of income and future earnings, and has suffered other injury as a result of Defendants' retaliatory conduct in an amount which will be proven at trial.

## VII. THIRD CAUSE OF ACTION—
## WRONGFUL WITHHOLDING OF WAGES
### (Against Corporate Defendants and Individual Defendants)

7.1     Dr. Kerr realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

7.2     RCW 49.48.010 makes it unlawful for any employer to withhold or divert any portion of a Washington State employee's wages after the employee ceases to work for the employer.

7.3     By and through the actions and omissions described herein, Defendants unlawfully withheld and diverted wages from Dr. Kerr in violation of RCW 49.48.010.

7.4     By and through the actions and omissions described herein, Defendants willfully and with intent to deprive Dr. Kerr of the compensation

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

due and owing to him has withheld certain compensation from Dr. Kerr in violation of RCW 49.52.050.

7.5     As a result of Defendants' actions, Plaintiff sustained damages in an amount to be proven at trial with such amount recoverable from either the Corporate or Individual Defendants pursuant to RCW 49.48.010 and RCW 49.52.070.

## VIII. FOURTH CAUSE OF ACTION— CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against Corporate Defendants)

8.1     Dr. Kerr realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

8.2     There exists a clear public policy against fraudulent business practices by entities providing medical services, and against causing harm or unnecessary risk to patients in pursuit of profit.

8.3     Discouraging doctors such as Dr. Kerr from raising appropriate complaints by reducing their compensation and harming their practice would jeopardize that public policy.

8.4     Defendants constructively discharged Dr. Kerr by reducing his compensation and support, and discriminating against him with an intent to harm his practice, to such a degree that that Dr. Kerr had no choice but to resign.

8.5     Defendants took these actions, and constructively discharged Dr. Kerr, because of his complaints regarding Defendants' fraudulent and harmful practices.

8.6     Defendants have no overriding justification for their actions against Dr. Kerr.

COMPLAINT – Page 8

8.7     Dr. Kerr is entitled to damages in an amount to be proven at trial.

## IX. FIFTH CAUSE OF ACTION—
## BREACH OF CONTRACT
### (Against Corporate Defendants)

9.1     Dr. Kerr realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

9.2     Dr. Kerr entered into an employment contract with the Corporate Defendants or their parents or associates.

9.3     The Corporate Defendants breached that contract by, among other things, the acts and omissions described herein.

9.4     Dr. Kerr is entitled to damages in an amount to be proven at trial.

## X. SIXTH CAUSE OF ACTION—
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND
## FAIR DEALING
### (Against Corporate Defendants)

10.1     Dr. Kerr realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

10.2     Dr. Kerr entered into an employment contract with the Corporate Defendants or their parents or associates.

10.3     The Corporate Defendants breached the implied covenant of good faith and fair dealing present in all contracts by engaging in acts and omissions that deprived Dr. Kerr of the fruits of the contract.

10.4     Dr. Kerr is entitled to damages in an amount to be proven at trial.

LAW OFFICES OF
McNaul Ebel Nawrot & Helgren pllc
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1

## XI.    DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a trial by jury of all issues so triable,

3  pursuant to Fed. R. Civ. P. 38(b).

4

## XII.    PRAYER FOR RELIEF

5      WHEREFORE, Plaintiff requests the following relief:

6      A.      For an award of damages to be proven at trial;

7      B.      For an award of double back pay, interest on that back pay, and

8  compensation for his past and prospective economic damages, as well as an

9  award to compensate Dr. Kerr for his special damages under 31 U.S.C.

10  §3730(h)(2) and RCW 74.66.090(2);

11      C.      For an award of punitive, liquidated, or exemplary damages to

12  the fullest extent allowable by law including, but not limited to, RCW

13  49.52.070 and RCW 74.66.090;

14      D.      For an award of attorneys' fees and costs incurred to the extent

15  allowable by law, including as provided by RCW 49.48.030, RCW

16  49.52.070, and RCW 74.66.090; and

17  ///

18

19

20

21

22

23

24

25

26

COMPLAINT – Page 10

LAW OFFICES OF
MᴄNᴀᴜʟ Eʙᴇʟ Nᴀᴡʀᴏᴛ & Hᴇʟɢʀᴇɴ ᴘʟʟᴄ
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1        E.      For such other and further relief as the Court deems just and

2  equitable.

3        DATED this 6th day of March, 2020.

4                     McNAUL EBEL NAWROT & HELGREN
                         PLLC

5

6                     By:  s/ *Daniel M. Weiskopf*
                            Robert M. Sulkin, WSBA No. 15425

7                            Daniel Weiskopf, WSBA No. 44941

8                     600 University Street, Suite 2700
                     Seattle, Washington  98101

9                     (206) 467-1816
                     rsulkin@mcnaul.com

10                   dweiskopf@mcnaul.com

11                   Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT – Page 11

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816