FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 15, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEWART KERR, MD, a married individual,<br><br>    Plaintiff,<br><br>v.<br><br>WENATCHEE VALLEY MEDICAL GROUP, a Washington professional service corporation; CONFLUENCE HEALTH, a Washington professional service corporation; STUART FREED, an individual; and PETER RUTHERFORD, an individual,<br><br>    Defendants. | NO:  2:20-CV-92-RMP<br><br>PROTECTIVE ORDER |

BEFORE THE COURT is a motion for entry of a stipulated, qualified protective order, ECF No. 30, by Plaintiff Dr. Stuart Kerr and Defendants Confluence Health and Dr. Peter Rutherford and Defendants Wenatchee Valley Medical Group and Dr. Stuart Freed.  A district court may issue protective orders regarding discovery upon a showing of good cause.  Fed. R. Civ. P. 26(c).  Before issuing a stipulated protective order, a district court judge should ensure that the protective order's restrictions do not infringe on the public's general right to

PROTECTIVE ORDER ~ 1

inspect and copy judicial records and documents. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020) (recognizing a long-held First Amendment right of access to court proceedings and documents).

Having reviewed the protective order and the remaining record, the Court finds good cause to grant the stipulated motion and enter the agreed-upon protective order. Accordingly, **IT IS HEREBY ORDERED** that the parties' motion for entry of a stipulated protective order, **ECF No. 30**, is **GRANTED**. The protective order in effect is set forth below.

## PROTECTIVE ORDER

### 1. Purposes and Limitations

Discovery in this action is likely to involve production of confidential, proprietary, or private information, including protected health information, for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order pursuant to Fed. R. Civ. P. 26. The parties acknowledge that they have conferred about the subject matter of this order pursuant as required by LCivR 37 and that, to the extent this order concerns protected health information, they are tendering this order as a proposed qualified protective order within the meaning of 45 C.F.R. § 164.512.

This order does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## 2. "Confidential" Material

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

2.1    "protected health information" about any person, within the meaning of 45 C.F.R. §§ 160.103, 164.501, including demographic information; information about the past, present, or future physical or mental condition of an individual; the provision of care to an individual; or the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual;

2.2    "personal information" about a person, as that phrase is defined in RCW 19.255.005(2)(a); or

2.3    financial statements, bank account statements, tax records, or other personal financial information about a person whose public disclosure would be harmful or oppressive to a reasonable person.

PROTECTIVE ORDER ~ 3

### 3. Scope

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

### 4. Access To, and Use Of, Confidential Material

4.1    **Basic Principles**. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

PROTECTIVE ORDER ~ 4

      (a).   the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

      (b).   the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

      (c).   experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d).   the court, court personnel, and court reporters and their staff;

      (e).   copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

      (f).   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the

PROTECTIVE ORDER ~ 5

court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g). the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3  **Filing Confidential Material**. Any party that seeks to file any material designated as "CONFIDENTIAL" must file a motion to seal, identifying (by Bates number) any material designated as "CONFIDENTIAL" that any party wishes to file under seal, and comply with the provisions for filing materials under seal contained in the Federal Rules of Civil Procedure and/or Local Rules of the Court. The designation of documents or materials as "CONFIDENTIAL" shall not constitute evidence as to whether such documents or materials may properly be sealed. A party's failure to contest a disclosing party's designation of documents or material as "CONFIDENTIAL" before the filing of a motion to seal shall not be deemed an admission by the party who failed to contest the designation that such documents or material should be filed under seal. If the party filing the motion to seal is not the party that designated the materials as "CONFIDENTIAL," the designating party, in its response to the motion to seal, shall have the burden to justify the need for the "CONFIDENTIAL" materials to be filed under seal.

## 5. Designating Protected Material

5.1 **Exercise of Restraint and Care in Designating Material for Protection**. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 **Manner and Timing of Designations**. Except as otherwise provided in this agreement (see, e.g., second sentence of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for

protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a). Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b). Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c). Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or

portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**6. Protected Health Information Received from Covered Entities**

6.1    **Authorization**. In accordance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. § 160.512(e), it is hereby stipulated and agreed by and between the respective parties hereto and Ordered by the Court that WVMG and Confluence Health (collectively, "Defendants") are authorized to disclose, transmit, and produce Protected Health Information, including excerpts of medical records and/or patient files regarding treatment and/or services provided by Defendants, in response to Plaintiff's discovery requests. All "covered entities" (as defined by 45 C.F.R. § 160.13) are authorized to disclose protected health information to attorneys who represent one of the parties in the captioned lawsuit. The disclosure of Protected Health Information will be conducted pursuant to the following terms, restrictions and conditions as ordered by the Court.

PROTECTIVE ORDER ~ 9

6.2    **Prohibition**. Pursuant to 45 U.S.C. § 164.512(e)(1)(v)(A), anyone who receives protected health information pursuant to this order prohibited from using or disclosing that information for any purpose other than prosecuting or defending the captioned lawsuit (including appeals, if any). "Prosecuting or defending the captioned lawsuit" includes disclosures to attorneys, experts, consultants, Court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process. This Order shall not preclude the parties from using any Protected Health Information during depositions.

6.3    **Limitation**. Before disclosing protected health information to persons other than the parties' lawyers, the disclosing person must inform each recipient that the protected person may not be used or disclosed for any purpose other than this litigation.

6.4    **Requirements of Counsel**. Counsel shall take all reasonable steps to ensure that persons receiving protected health information from covered entities do not use or disclose such information for any purpose other than this litigation.

6.5    **Requirements on Conclusion of Litigation**. Pursuant to 45 U.S.C. § 164.512(e)(1)(V)(B), within 60 days after the conclusion of the litigation (including any appeals), the parties, their attorneys, and any person or entity in possession of protected health information received from covered entities pursuant to this Order shall either return it to the covered entity or destroy it, as well as all

PROTECTIVE ORDER ~ 10

copies of it. Counsel will not be required to secure the return or destruction of protected health information that had been submitted to the Court.

6.6    **Limitation**. This Order does not control or limit the use of protected health information that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

## 7. Challenging Confidentiality Designations

7.1    **Timing of Challenges**. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2    **Meet and Confer**. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the

date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      7.3    **Judicial Intervention**. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

**8. Protected Material Subpoenaed or Ordered Produced in Other Litigation**

      If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

      (a).    promptly notify the designating party in writing and include a copy of the subpoena or court order;

      (b).    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

PROTECTIVE ORDER ~ 12

(c).    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**9. <u>Unauthorized Disclosure of Protected Material</u>**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10. <u>Inadvertent Production of Privileged or Otherwise Protected Material</u>**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

### 11. Non Termination and Return of Documents

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. If the confidential information consists of protected health information received from a covered entity, it shall be returned to the covered entity or destroyed as described in section 6.4 of this Order.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

### 12. Effect of Stipulated Protective Order

In the absence of a stipulation of all parties, the fact that information is designated as confidential material shall not be admissible, nor shall the trier of fact be advised of such designation during the hearing in this action.

PROTECTIVE ORDER ~ 14

### 13. Application to Court

This Stipulated Protective Order is without prejudice to the right of any interested party to apply to the Court for an order permitting the disclosure of any confidential material, or to apply for an order modifying or limiting this Stipulated Protective Order in any respect. This Stipulation shall not preclude any party from seeking and obtaining from the Court additional protection with respect to the confidentiality of documents.

### 14. Continuing Jurisdiction

All provisions of this Stipulated Protective Order shall continue to be binding after the conclusion of this action unless subsequently modified by agreement between the Parties or order of the Court and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Stipulation.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

PROTECTIVE ORDER ~ 15

1  **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

   **DATED** October 15, 2020.

                                    *s/ Rosanna Malouf Peterson*
                                    ROSANNA MALOUF PETERSON
                                    United States District Judge

PROTECTIVE ORDER ~ 16